Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*Palm Angels S.r.l.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PALM ANGELS S.R.L., <br><br> *Plaintiff* <br><br> v. <br><br> AFECA, AURHXZPCY, CC2021, CLARITEUIL, DFGJXZZS, EDITH J PENN, ELEGANT CREATIONS INC, ERIN COYLEI, FANRUIRUI918, FENGSHUNJIA2556, FJAIOJDFFJIOI;SFPDFKN GVJKDGVN, FUGANG FASHION, GARY ANNE, GENEPHOEBEEAVYW, GINA PLAZA, HAAHDJDHADJDJSSJA, HECTOR ZAMORA, HONGMINTAO, HUXIULIS, JANE BERGER, JEANIE15, JLHP2017, LIGANGY, LIUFANQISEN, LIWANCHANSHOP, LONGLING51285, LUHEMEISHOP, LVJUNYUNSHOP, LYYASKJNBAJIKF, MENYUAHZ, MXWVKCEF, NARCISSU CLOTHING, NIUWENYI8523, PENGJINLONG35641, POUIONDKING, RUANYUJIE6247, SHANGHAI CHAOCHAO STORE, SHAOYINGYING8, SHILEYNATHAN, STARGAZING, TIANMENG1359, VENVI LIGHTER, WANGYANG49802, WANGYINGXUE10388, WANGYINGYING51307, WANLIWUYUNXIANG, XIAPEIZ, YANGXUE1099, YINGXIANGSHENDA, | **23-cv-4998 (VSB)** <br><br> **PRELIMINARY INJUNCTION ORDER** |

YONGQIIQA, YUJINPINJING, ZENGQUNQUN, ZGXJGH, ZHANG MATERNAL AND CHILD FASHION, ZHANGHONGYAN8896, ZHANGKENAN9614, ZHAOJINJIN, ZHUGEQING and ZVUCR333,

*Defendants*

**GLOSSARY**

| Term | Definition |
|---|---|
| **Plaintiff or Palm Angels** | Palm Angels S.r.l |
| **Defendants** | Afeca, aurhxzpcy, CC2021, Clariteuil, dfgjxzzs, Edith J Penn, Elegant Creations Inc, Erin Coylei, fanruirui918, fengshunjia2556, fjaiojdffjioi;sfpdfkn gvjkdgvn, Gary Anne, GenePhoebeeAvYw, gina plaza, haahdjdhadjdjssja, Hector Zamora, Hongmintao, huxiulis, Jeanie15, jlhp2017, ligangy, liufanqisen, liwanchanshop, longling51285, luhemeishop, lvjunyunshop, lyyaskjnbajikf, menyuahz, mxwvkcef, Narcissu Clothing, niuwenyi8523, pengjinlong35641, pouiondking, ruanyujie6247, Shanghai Chaochao Store, shaoyingying8, STARGAZING, tianmeng1359, Venvi Lighter, wangyang49802, wangyingxue10388, wangyingying51307, wanliwuyunxiang, xiapeiz, yangxue1099, yingxiangshenda, yongqiiqa, yujinpinjing, Zgxjgh, Zhang Maternal and child fashion, zhanghongyan8896, zhangkenan9614, zhaojinjin and zhUGeQing |
| **Wish** | Wish.com, a San Francisco, California-based, online marketplace and e-commerce platform owned by ContextLogic, Inc., a Delaware corporation ("ContextLogic"), that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave Ste 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiffs' e*x parte* application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery |
| **Grilli Dec.** | Declaration of Andrea Grilli in Support of Plaintiff's Application |

i

| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application |
|---|---|
| **Palm Angels Products** | California-inspired clothing and accessories, including but not limited to tees, hoodies, tracksuits, jackets, punk tartans and accessories, from a fashion label that aim to bridge the gap between luxury and streetwear, recognized for their distinctive graphic and logo-heavy apparel designs |
| **Palm Angels Mark** | U.S. Trademark Registration No. 4,929,759 for "𝕻𝖆𝖑𝖒 𝕬𝖓𝖌𝖊𝖑𝖘," for the stylized Palm Angels Mark for goods in Classes 9, 18 and 25 |
| **Counterfeit Products** | Products bearing or used in connection with the Palm Angels Mark, and/or products in packaging and/or containing labels bearing the Palm Angels Mark, and/or bearing or used in connection with marks that are confusingly similar to the Palm Angels Mark and/or products that are identical or confusingly similar to the Palm Angels Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Wish, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | ContextLogic, PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. |

|  | ("PingPong") |
|---|---|
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by ContextLogic, such as Wish, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHERAS, Plaintiff having moved *ex parte* on June 14, 2023 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiff's Application on July 6, 2023 ("TRO") which ordered Defendants to appear on August 28, 2023 at 2:00 p.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on July 11, 2023, Plaintiff wrote a letter to the Court requesting an extension of the TRO through the date of the Show Cause Hearing, which the Court granted on the same day, July 11, 2023 ("July 11, 2023 Order");

WHEREAS, on July 19, 2023, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, all papers filed in support of the Application and the July 11, 2023 Order on each and every Defendant, except for Defendants fugang fashion, Jane Berger, shileynathan, zengqunqun and zvucr333;[1]

WHEREAS, on August 28, 2023 at 2:00 p.m., Plaintiff appeared at the Show Cause Hearing, however, none of the Defendants appeared or contacted Plaintiff's counsel prior to the Show Cause Hearing.

**ORDER**

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this action, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

---

[1] Plaintiff is currently trying to locate additional email addresses for Defendants fugang fashion, Jane Berger, shileynathan, zengqunqun and zvucr333 and will keep the Court apprised of its ability to do so.

a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Palm Angels Mark and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Palm Angels Mark;

    ii. operation of Defendants' Merchant Storefronts insofar as such Merchant Storefronts have offered for sale and/or sold Counterfeit Products, including, without limitation, continued operation of Defendants' Merchant Storefronts that have offered for sale and/or sold Counterfeit Products in violation of this Order;

    iii. directly or indirectly infringing in any manner Plaintiff's Palm Angels Mark;

    iv. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Palm Angels Mark to identify any goods or services not authorized by Plaintiff;

    v. using Plaintiff's Palm Angels Mark or any other marks that are confusingly similar to the Palm Angels Mark on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

    vi. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive

      members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

vii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

viii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

ix. knowingly instructing any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(viii) above, 1(b)(i) through 1(c)(i) below.

b) Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court.

c) Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements are restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. Operation of Defendants' Merchant Storefronts that have offered for sale and/or sold Counterfeit Products, including, without limitation, continued operation of Defendants' Merchant Storefronts that have offered for sale and/or sold Counterfeit Products in violation of this Order; and

    ii. Instructing, aiding or abetting Defendants and/or any person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(viii), 1(b)(i) above and 1(c)(i) above, including, without limitation, by providing services necessary for Defendants to continue operating Defendants'

        Merchant Storefronts that have offered for sale and/or sold Counterfeit Products in violation of this Order.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

    a) within five (5) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendants' Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

    a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

    b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order and the requests for the production of documents shall produce all documents

responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control, relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:

  i. account numbers;
  ii. current account balances;
  iii. any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;
  iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;
  v. any and all deposits and withdrawal during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and
  vi. any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number;

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

　　i. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C) of the TRO;

　　ii. the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C) of the TRO;

　　iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

　　iv. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of

        Counterfeit Products, or any other products bearing the Palm Angels Mark and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Palm Angels Mark.

4. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to all Defendants if it is completed by the following means:

   a) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com or via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order, to Defendants' e-mail addresses as identified by ContextLogic pursuant to Paragraph V(C) of the TRO or may otherwise be determined.

5. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

   a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

   b) delivery of: (i) a PDF copy of this Order, or (iii) a link to a secure website where ContextLogic, via ContextLogic's DMCA Agent, will be able to download a PDF copy of this Order via electronic mail at elisa@wish.com and brand-protection@wish.com and to ContextLogic's counsel, Dwight Lueck, at Dwight.Lueck@btlaw.com, Dorothy Park, at Doro.Park@btlaw.com, Rocky Cislak,

      at Rocky.Cislak@btlaw.com, Brittany Smith, at Brittany.Smith@btlaw.com and Quinn Thacker, at Quinn.Thacker@btlaw.com;

  c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Jaclyn Henning at thirdpartyrequests@payoneer.com and Holly Clancy and Melissa Godwin, counsel for Payoneer Inc. at Holly.Clancy@us.dlapiper.com and Melissa.Godwin@dlapiper.com, respectively; and

  d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to PingPong Global Solutions Inc.'s Legal Department legal-int@pingpongx.com.

6. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

7. The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

8. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

9. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this __28__ day of __August__, 2023, at __7:00__ p.m.
New York, New York

9

_____
HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

10