UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PALM ANGELS S.R.L.,

*Plaintiff*

v.

AFECA, AURHXZPCY, CC2021, CLARITEUIL, DFGJXZZS, EDITH J PENN, ELEGANT CREATIONS INC, ERIN COYLEI, FANRUIRUI918, FENGSHUNJIA2556, FJAIOJDFFJIOI;SFPDFKN GVJKDGVN, FUGANG FASHION, GARY ANNE, GENEPHOEBEEAVYW, GINA PLAZA, HAAHDJDHADJDJSSJA, HECTOR ZAMORA, HONGMINTAO, HUXIULIS, JANE BERGER, JEANIE15, JLHP2017, LIGANGY, LIUFANQISEN, LIWANCHANSHOP, LONGLING51285, LUHEMEISHOP, LVJUNYUNSHOP, LYYASKJNBAJIKF, MENYUAHZ, MXWVKCEF, NARCISSU CLOTHING, NIUWENYI8523, PENGJINLONG35641, POUIONDKING, RUANYUJIE6247, SHANGHAI CHAOCHAO STORE, SHAOYINGYING8, SHILEYNATHAN, STARGAZING, TIANMENG1359, VENVI LIGHTER, WANGYANG49802, WANGYINGXUE10388, WANGYINGYING51307, WANLIWUYUNXIANG, XIAPEIZ, YANGXUE1099, YINGXIANGSHENDA, YONGQIIQA, YUJINPINJING, ZENGQUNQUN, ZGXJGH, ZHANG MATERNAL AND CHILD FASHION, ZHANGHONGYAN8896, ZHANGKENAN9614, ZHAOJINJIN, ZHUGEQING and ZVUCR333,

*Defendants*

No. 23-cv-4998 (VSB)

**DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER**

# GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or Palm Angels** | Palm Angels S.r.l. | N/A |
| **Defendants** | Afeca, aurhxzpcy, CC2021, Clariteuil, dfgjxzzs, Edith J Penn, Elegant Creations Inc, Erin Coylei, fanruirui918, fengshunjia2556, fjaiojdffjioi;sfpdfkn gvjkdgvn, fugang fashion, Gary Anne, GenePhoebeeAvYw, gina plaza, haahdjdhadjdjssja, Hector Zamora, Hongmintao, huxiulis, Jane Berger, Jeanie15, jlhp2017, ligangy, liufanqisen, liwanchanshop, longling51285, luhemeishop, lvjunyunshop, lyyaskjnbajikf, menyuahz, mxwvkcef, Narcissu Clothing, niuwenyi8523, pengjinlong35641, pouiondking, ruanyujie6247, Shanghai Chaochao Store, shaoyingying8, shileynathan, STARGAZING, tianmeng1359, Venvi Lighter, wangyang49802, wangyingxue10388, wangyingying51307, wanliwuyunxiang, xiapeiz, yangxue1099, yingxiangshenda, yongqiiqa, yujinpinjing, zengqunqun, Zgxjgh, Zhang Maternal and child fashion, zhanghongyan8896, zhangkenan9614, zhaojinjin, zhUGeQing and zvucr333 | N/A |
| **Defaulting Defendants** | Afeca, aurhxzpcy, CC2021, Clariteuil, dfgjxzzs, Edith J Penn, Elegant Creations Inc, Erin Coylei, fanruirui918, fengshunjia2556, fjaiojdffjioi;sfpdfkn gvjkdgvn, Gary Anne, GenePhoebeeAvYw, gina plaza, haahdjdhadjdjssja, Hector Zamora, Hongmintao, huxiulis, Jeanie15, jlhp2017, ligangy, liufanqisen, liwanchanshop, longling51285, luhemeishop, lvjunyunshop, lyyaskjnbajikf, menyuahz, mxwvkcef, Narcissu Clothing, niuwenyi8523, pengjinlong35641, pouiondking, ruanyujie6247, Shanghai Chaochao Store, shaoyingying8, STARGAZING, tianmeng1359, Venvi Lighter, wangyang49802, wangyingxue10388, wangyingying51307, wanliwuyunxiang, xiapeiz, yangxue1099, yingxiangshenda, yongqiiqa, yujinpinjing, Zgxjgh, Zhang Maternal and child fashion, zhanghongyan8896, zhangkenan9614, zhaojinjin, and zhUGeQing | N/A |
| **Wish** | Wish.com, a San Francisco, California-based, online marketplace and e-commerce platform owned by ContextLogic, Inc., a Delaware corporation ("ContextLogic"), that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on June 14, 2023 | 1 |
| **Complaint** | Plaintiff's Complaint filed on August 28, 2023 | 9 |

i

| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff | N/A |
|---|---|---|
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 | N/A |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on August 28, 2023 | 15-17 |
| **Grilli Dec.** | Declaration of Andrea Grilli in Support of Plaintiff's Application | N/A |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application | 14 |
| **Palm Angels Products** | California-inspired clothing and accessories, including but not limited to tees, hoodies, tracksuits, jackets, punk tartans and accessories, from a fashion label that aim to bridge the gap between luxury and streetwear, recognized for their distinctive graphic and logo-heavy apparel designs | N/A |
| **Palm Angels Mark** | U.S. Trademark Registration No. 4,929,759 for "Palm Angels," for the stylized Palm Angels Mark for goods in Classes 9, 18 and 25 | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Palm Angels Mark, and/or products in packaging and/or containing labels bearing the Palm Angels Mark, and/or bearing or used in connection with marks that are confusingly similar to the Palm Angels Mark and/or products that are identical or confusingly similar to the Palm Angels Products | N/A |
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Wish, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |

ii

| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
|---|---|---|
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | ContextLogic, PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong") | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by ContextLogic, such as Wish, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on September 12, 2024 | 29-32 |
| **Futterman Aff.** | Affidavit by Danielle S. Futterman in Support of Plaintiff's Motion for Default Judgment | 30 |

iii

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Palm Angels Mark, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Danielle S. Futterman in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I. Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff on all claims properly pled against Defaulting Defendants in the Complaint;

## II. Damages Referral

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff's damages will be determined at an inquest before a Magistrate Judge. A referral will follow this order.

## III. Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns and all persons

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing one or more of the Palm Angels Mark and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Palm Angels Mark;

B. operation of Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order;

C. directly or indirectly infringing in any manner any of Plaintiff's Palm Angels Mark;

D. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Palm Angels Mark to identify any goods or services not authorized by Plaintiff;

E. using any of Plaintiff's Palm Angels Mark, or any other marks that are confusingly similar to the Palm Angels Mark on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

F. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to

the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiff;

G. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defaulting Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

H. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe Plaintiff's trademark, copyrights or other rights including, without limitation, the Palm Angels Mark, or bear any marks that are confusingly similar to the Palm Angels Mark pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this

3

Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order are permanently enjoined and restrained from:

    A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of the Defaulting Defendants' Frozen Assets from or to Defaulting Defendants' Financial Accounts until further ordered by this Court;

    B. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records; and

    C. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through (H) and III(3)(A) through (B) Above and III(4)(A) below:

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are permanently enjoined and restrained from:

    A. operation of Defaulting Defendants User Accounts and Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts; and

    B. instructing, aiding or abetting Defaulting Defendants and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) above through III(4)(A) above, including, without limitation, by providing services necessary for Defendants to continue operating Defendants' User Accounts and Merchant Storefronts in violation of this Order.

### IV. Miscellaneous Relief

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order;

2) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property; and

3) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

Dated: December 2, 2024

_____
HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE